UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                             2:06-cr-88-FtM-29SPC

ISAAC L. MARION, Jr.
_____

**OPINION AND ORDER**

This matter came before the Court for sentencing on September 11, 2007. Defendant objected to the Presentence Report concerning the upward adjustment under the United States Sentencing Guidelines (USSG) for his role in the offense (¶ 30), which added three levels after finding defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants. At a September 11, 2007, evidentiary hearing the Court heard testimony from Detective Robert Leverenz, Terrence Dubose, Leon Gray, Dino Rodriquez, and Steven Williams. The Court makes the following determinations pursuant to FED. R. CRIM. P. 32(i)(3)(B).

I.

Defendant Isaac L. Marion Jr. (Marion Jr.) was named in one count of a three-count Indictment (Doc. #3). Count One charged that from an unknown date "but at least by in or about December 2000 through and including December 18, 2005" Marion Jr. and others conspired to possess with intent to distribute *five kilograms or*

more of a mixture or substance containing a detectable amount of cocaine. Defendant pled guilty without a plea agreement. In the written factual proffer in support of the guilty plea, the government stated that "[b]eginning by at least December 2000, the defendant, Isaac L. Marion Jr. (Marion Jr.) was a member of the Marion drug distribution organization, collectively including Stephenson Marion, Isaac Marion Sr. and Perry Marion." (Doc. #111, p. 3.) The proffer continued that Marion Jr. obtained in excess of five kilograms of cocaine from different sources, including Dino Rodriguiz and Steven O. Williams, and that Marion Jr. sold cocaine to other individuals for further distribution. See id. Examples of such sales were weekly sales to CS1 between the Fall of 2000 through December, 2004. See id. at pp. 3-4.

Paragraph 30 of the Presentence Report added three levels to defendant's Offense Level pursuant to USSG § 3B1.1(b), finding defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants. The adjustment was premised on information that CS2, now identified as Leon Gray, was used by defendant to make deliveries of cocaine; that defendant would call Gray when an order was made and instructed Gray where to pick up and deliver the cocaine; and that defendant was to receive $650 per ounce and that Gray was told he could have what was paid over that amount.

At the evidentiary hearing Gray testified that he began a drug relationship with Marion Jr. in August or September, 2001, after he (Gray) got out of prison. Gray knew Marion Jr. was involved in selling drugs, and asked Marion Jr. about it because he (Gray) needed to make some extra money. Gray would deliver cocaine to people who called a cell phone given him by Marion Jr. or Marion Jr. would call and tell Gray where to deliver the cocaine. Gray would deliver anywhere from a half ounce to a couple ounces of cocaine to different locations and different people. Marion Jr. would give Gray the cocaine for less than he was charging his customer, and Gray would make the difference for himself. Gray would also deliver cocaine to people, such as Terrence Dubose, with whom Marion Jr. did not want direct contact. After a while, in addition to Marion Jr.'s customers, Gray sold some cocaine to his own customers. This relationship continued until February or March, 2002.

## II.

A defendant's base offense level is increased by three levels if "the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(b). Factors to be considered by the Court include "the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the

claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others." U.S.S.G. § 3B1.1, cmt. n. 4. A "participant" is "a person who is criminally responsible for the commission of the offense, but need not have been convicted." U.S.S.G. § 3B1.1, cmt. n. 1. In assessing a defendant's role in the offense, the elements and acts in the counts of conviction are considered as well as all 'relevant conduct' as defined in U.S.S.G. § 1B1.3. See United States v. Holland, 22 F.3d 1040, 1045 (11th Cir. 1994). The government has the burden of proving by a preponderance of the evidence that defendant had an aggravating role in the offense. See United States v. Yeager, 331 F.3d 1216, 1226 (11th Cir. 2003).

### III.

In objecting to the adjustment, Marion Jr. argues that his cocaine sales to Gray were not in furtherance of the charged conspiracy and were not relevant conduct to the charged offense within the meaning of the Sentencing Guidelines. Additionally, Marion Jr. argues that he had simply a seller-buyer with Gray, to whom he would "front" the cocaine, and this does not justify a role adjustment.

The Court overrules defendant's objection to the extent he argues that the drug sales and relationship between himself and

Gray were not in furtherance of the charged conspiracy. The Court is satisfied from the evidence presented that these transactions were indeed in furtherance of the charged conspiracy, and therefore can be considered in the § 3B1.1 analysis without resort to the relevant conduct provision of the Sentencing Guidelines.

It is clear that even extensive buyer-seller and "fronting" relationships, and negotiating the deliveries incidental to the buyer-seller relationship, are not sufficient to support a role adjustment for being an organizer or leader under § 3B1.1(a). See, e.g., United States v. Alred, 144 F.3d 1405, 1421-22 (11th Cir. 1998); United States v. Glinton, 154 F.3d 1245, 1260 (11th Cir. 1998); United States v. Mesa, 247 F.3d 1165, 1169 (11th Cir. 2001); United States v. Maxwell, 34 F.3d 1006, 1012(11th Cir. 1994); United States v. Yates, 990 F.2d 1179, 1181-82 (11th Cir. 1993). The Court assumes this principle also applies to a manager or supervisor under § 3B1.1(b) and (c). Additional facts showing some assertion of control or influence of another will take a case out of this buyer-seller principle. See, e.g., United States v. Howard, 923 F.2d 1500, 1503 (11th Cir. 1991); United States v. Revel, 971 F.2d 656, 660 (11th Cir. 1992); United States v. Beasley, 2 F.3d 1551, 1562-63 (11th Cir. 1993); United States v. Matthews, 168 F.3d 1234, 1249-50 (11th Cir. 1999); United States v. Jiminez, 224 F.3d 1243, 1251 (11th Cir. 2000); Mesa, 247 F.3d at 1170.

The Court finds that there was more than a simple seller-buyer relationship between Marion Jr. and Gray. Marion Jr. exercised some direction and control over Gray for about six months during the conspiracy. Marion Jr. provided the cell phone which facilitated communications between the two men and the customers. Marion Jr. told Gray to whom the cocaine should be delivered and the amount, and set the base price for the transactions. Some of the deliveries would be to people that Marion Jr. did not want direct contact. Marion Jr. clearly had a greater degree of participation in planning or organizing the cocaine sales. The Court concludes that the government has shown by a preponderance of the evidence that the role adjustment is warranted.

Accordingly, it is now

**ORDERED:**

1. Defendant's objections to ¶ 30 **OVERRULED.**

2. Pursuant to Fed. R. Crim. P. 32(i)(3)(C), the U.S. Probation Office is directed to append a copy of this Opinion and Order to any copy of the presentence report made available to the Bureau of Prisons.

**DONE AND ORDERED** at Fort Myers, Florida, this 19th day of September, 2007.

JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Counsel of Record
U.S. Probation

-6-