UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        2:06-cr-88-FtM-29SPC

ISAAC L. MARION, JR.

_____

IN RE: PETITION OF PATRICIA A. GRAY,
third party claimant.

_____

## OPINION AND ORDER

This matter comes before the Court on Petitioner Patricia A. Gray's Specific Petition Asserting Claim of Interest in Criminal Forfeiture and Ancillary Proceedings Conducted Under 21 U.S.C. § 853(n) and Fed. R. Crim. P. 32.2(c) (Doc. #209), filed on October 4, 2007. Petitioner Patricia A. Gray (petitioner or Gray) filed a Supplemental Memorandum of Law, Notice of Filing, and Request for a Hearing (Doc. #210), an additional Supplemental Memorandum in Criminal Forfeiture (Doc. #241), and additional filings (Docs. #243-248). The government filed a Response to the Order to Show Cause (Doc. #239) which in part addresses petitioner's claim, and filed a Motion to Dismiss Petition of Patricia A. Gray (Doc. #240) and a Trial Brief (Doc. #242). On January 8 and 9, 2008, the Court heard testimony and argument in an ancillary hearing pursuant to 21 U.S.C. § 853(n).

**I.**

The Indictment (Doc. #3) in this case charged that four defendants, including Isaac L. Marion (Marion) and Isaac L. Marion, Jr. (Marion, Jr.), conspired between at least December 2000 through December 18, 2005, to possess with intent to distribute five kilograms or more of a mixture or substance containing cocaine (Count One).[1]   The Indictment contained a forfeiture provision seeking forfeitures pursuant to 21 U.S.C. § 853.   As relevant to this ancillary proceeding, the Indictment identified 856 Zana Drive, Fort Myers, Florida and 862 Zana Drive, Fort Myers, Florida (collectively the Zana Drive Properties) as being subject to forfeiture.   In due course all defendants pled guilty and have been sentenced.

Marion, Jr. was the only defendant who the government asserted had an interest in the Zana Drive Properties.   On January 31, 2007, Marion Jr. plead guilty to Count One without the benefit of a Plea Agreement.   The government filed a Notice of Penalties, Elements and Facts (Doc. #111) which included a notice of the forfeiture of the Zana Drive Properties.   The government's factual basis included that Marion Jr. had told a confidential source on many occasions that he invested his drug proceeds in real estate; that prior to his arrest Marion, Jr. took the confidential source to see two of his houses he was building, those being 856 and 862 Zana Drive;

---

[1]The Indictment also contained two substantive counts, but these are not relevant to the ancillary proceedings.

that Marion, Jr. explained that the homes were not in his name but rather in the names of his mother and relatives; that Marion, Jr. stated he paid cash for both houses; and that Marion, Jr. purchased the real property located at 852 (sic) Zana Drive and 862 Zana Drive using proceeds of his drug activity.  At the change of plea colloquy before the assigned Magistrate Judge, the government proffered these forfeiture-related facts, but Marion, Jr. through counsel objected to their accuracy and declined to admit the facts. Defendant otherwise freely admitted his drug activities, and the Court adjudicated Marion, Jr. guilty on February 2, 2007 (Doc. #115).

On May 18, 2007, pursuant to 21 U.S.C. § 853, the government filed a Motion of the United States of America For Entry of a Preliminary Order of Forfeiture (Doc. #158) seeking forfeiture of the right, title and interest of Marion, Jr. in the Zana Drive Properties.  The government relied on the "Facts" portion of its Notice of Penalties, Elements, and Facts  (Doc. #111) to show the nexus between the properties and the charged drug conspiracy.  The motion also stated: "Because the Preliminary Order of Forfeiture forfeits only the interest of defendant Isaac Marion Jr. in the subject property, the United States requests that the Court retain jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property and to entertain any third party claims that may be asserted in these proceedings." (Doc. #158, p. 6.)

On June 6, 2007, the Court granted the motion and entered a Preliminary Order of Forfeiture (Doc. #159) which found that the government had established a sufficient nexus between the charged conspiracy offense and the property sought for forfeiture; forfeited "all right, title and interest" of Marion Jr. in the Zana Drive Properties to the United States; and "retain[ed] jurisdiction to enter any further orders necessary for the forfeiture and disposition of the subject property, and to entertain any third party claims that may be asserted in these proceedings."

On June 18, 2007, petitioner received a Notice of Forfeiture and a copy of the Preliminary Order of Forfeiture for each of the Zana Drive Properties by certified mail from the government. (Doc. #240, Exhs. A and B.)   Among other things, the Notices of Forfeiture advised petitioner that if she claimed an interest in either properties she must file a petition with the district court within thirty days of her receipt of the Notices of Forfeiture.

There were several hearings as to Marion, Jr.'s sentencing. At a September 11, 2007 hearing, the prosecutor stated that Marion, Jr. had indicated he had no interest in the properties subject to forfeiture.[2]  (Doc. #230, p. 145).  At the final sentencing hearing on September 19, 2007, the prosecutor asked that the judgment

---

[2]At the ancillary hearing, the prosecutor proffered that Marion, Jr. had maintained during a "safety valve" debriefing, and would so testify if called by any party, that he had no interest in either of the Zana Drive properties, that his drug proceeds were not used to buy the properties or construct the houses, and that he did not use the premises in his drug business.

reflect a forfeiture of Marion, Jr.'s interest in the real properties "if any" (Doc. #231, p. 174). The government continued: ". . . the defendant does not have assets in his own name, albeit, through information obtained through sources, some known to the defendant, these properties, it is our belief, were purchased with his financial resources associated with his drug activity, and ultimately titled in the name of other family members, some of which may be present for this proceeding. Nevertheless, we are only seeking to forfeit what interest, if any, he has as it relates to those properties." (Doc. #231, p. 175.) The Court entered Judgment (Doc. #198) as to Marion, Jr. forfeiting his interest in 862 Zana Drive and 856 Zana Drive.

The government caused notice of its intent to forfeit 862 Zana Drive and 856 Zana Drive to be published (Docs. #181, #182, #183), as required by 21 U.S.C. § 853(n)(1). Various entities and persons filed claims of interest in the property the government sought to forfeit, and with the exception of petitioner these claims have been resolved by the parties. Petitioner, Marion Jr.'s maternal grandmother, filed her claim on October 4, 2007.

## II.

A criminal forfeiture is an *in personam* proceeding which forfeits only a defendant's interest in the property. <u>United States v. Kennedy</u>, 201 F.3d 1324, 1329 (11th Cir. 2000). A criminal forfeiture proceeding first forfeits the criminal

defendant's interest in the property, then allows other claimants to show at an ancillary hearing before the court an interest superior to defendant's (and hence the government's) or that the claimant was a bona fide purchaser for value.  If no claimant establishes a claim, the government has clear title to the property.  21 U.S.C. § 853(n); <u>United States v. Pease</u>, 331 F.3d 809, 810 (11th Cir. 2003).

### A.

The government seeks to dismiss Gray's petition as untimely pursuant to FED. R. CRIM. P. 32.2(c)(1)(A).  The government states that a claimant is required to file a petition asserting her interest in the forfeited property within thirty days of the final publication of the notice or the claimant's receipt of notice from the government, whichever is earlier.  21 U.S.C. § 853(n)(2). Because this was not done, the government argues the petition was untimely and must be dismissed.

Generally, a petitioner is expressly barred from appearing in the criminal proceedings.  21 U.S.C. § 853(k).  After entry of a Preliminary Order of Forfeiture, the United States is authorized "to commence proceedings that comply with any statutes governing third-party rights." FED. R. CRIM. P. 32.2(b)(3). Here, petitioner received the government's Notice of Forfeiture on June 18, 2007. The government, however, did not forfeit defendant's interest, if any, in the Zana Drive Properties until entry of the criminal

-6-

judgment as to Marion, Jr. on September 19, 2007.[3] Obviously, there could be no ancillary hearing until the government obtained the interest from defendant.

Petitioner filed her claim on October 4, 2007. On October 19, 2007, the Court scheduled an ancillary hearing for November 2, 2007. (Doc. #213.) On October 25, 2007, the government moved to continue the ancillary hearing (Doc. #217) noting that petitioner Gray had filed a claim and that Gray and the government had decided that discovery was needed to resolve her claim and had consensually agreed to exchange such discovery. The Court granted the government's motion, and continued the ancillary hearing until December 18, 2007. (Doc. #218.) For reasons stated in the December 20, 2007 Opinion and Order (Doc. #238), this was ultimately continued until January 8, 2008. On December 28, 2007, the government filed its motion to dismiss (Doc. #240) based upon an untimely petition.

The Court finds that the government has waived its ability to seek dismissal for untimeliness, and that its motion is itself untimely. After Gray's petition was filed, the government sought

---

[3]The order of forfeiture does not become final as to the defendant until sentencing (absent defendant's consent), and inclusion on the written criminal judgment against defendant. FED. R. CRIM. P. 32.2(b)(3). "The United States cannot acquire a convicted defendant's interest in property forfeited under 21 U.S.C. § 853(a) unless and until the district court orders the interest forfeited as part of its judgment in the defendant's case." Pease, 331 F.3d at 813.

and obtained a continuance of the ancillary hearing because the parties need more time for discovery.  No mention was made of the alleged untimeliness of the claim, and therefore the issue is waived.  Additionally, the Federal Rules suggest that a motion to dismiss is to be filed before the discovery process and the ancillary hearing. FED. R. CRIM. P. 32.2(c)(1)(A), (B).  Here, the government filed the motion to dismiss after the first two schedulings of the ancillary hearing, and is therefore untimely. Finally, the Court finds that the claim was filed within thirty days of the date the government obtained any interest of defendant in the Zana Drive Properties, and that no prejudice resulted to the government from the timing of the filing of the petition. Accordingly, the Court denies the government's Motion to Dismiss.

**B.**

Petitioner asserts that: (1) She is and has at all relevant times been the owner of the Zana Drive Properties, and therefore her right, title and interest is superior to Marion, Jr.'s.; and (2) She is a bona fide purchaser for value, and therefore her right, title and interest is superior to Marion, Jr.'s and any other third party.  Petitioner also asserts that since Marion, Jr. did not assert any interest in the Zana Drive Properties, the government has forfeited only that interest, i.e., either nothing or an unspecified, undeterminable interest.  Finally, petitioner

asserts that she is an innocent owner of the property. The government responds that petitioner was the nominee of Marion, Jr., and as such has no standing in this case and no right, title or interest which is superior to Marion, Jr.'s.

Two of petitioner's issues can be resolved summarily. First, § 853 does not contain an innocent owner provision, and therefore petitioner's innocence, standing alone, would not defeat the government's interest in the criminally forfeited property. The innocent owner provision of the civil forfeiture statute, 21 U.S.C. § 881(a)(7), cannot be relied upon in a criminal forfeiture proceeding under § 853. United States v. Soreide, 461 F.3d 1351, 1354 (11th Cir. 2006); United States v. Jimerson, 5 F.3d 1453, 1455 (11th Cir. 1993). See also Kennedy, 201 F.3d at 1332 n.14; United States v. Guerra, 216 Fed. Appx. 906, 910 (11th Cir. 2007). Therefore, the Court rejects petitioner's innocent owner theory.

Second, § 853(n) allows a third party to establish her interest in the forfeited property, and thus to defeat the government's claim to forfeited property, by proving that she was a bona fide purchaser for fair market value who purchased an interest in the property without reasonable cause to believe that the property was subject to forfeiture. 21 U.S.C. § 853(n)(6)(B); Soreide, 461 F.3d at 1354-56; Jimerson, 5 F.3d at 1455. This provision, however, only protects subsequent purchasers of the

*defendant's* interest in the property.  Soreide, 461 F.3d at 1355-56; Kennedy, 201 F.3d at 1330.  Since petitioner does not claim she purchased her interest in the Zana Drive Properties from Marion, Jr., and since the uncontroverted evidence shows she did not do so, the Court rejects petitioner's bona fide purchaser theory.

## III.

Only one potential basis exists for petitioner to establish her claims to the Zana Drive Properties.  Section 853(n) allows a third party to establish her interest in the forfeited property, and thereby defeat the government's claim to the forfeited property, by proving that at the time of the acts giving rise to the forfeiture she held some interest in the property which was superior to that of the defendant's interest.  Soreide, 461 F.3d at 1354-56; Jimerson, 5 F.3d at 1455.

## A.

As a threshold matter, petitioner must establish she has Article III standing, or else a federal court lacks jurisdiction to consider her claim in the ancillary forfeiture proceeding.  United States v. $38,000 in U.S. Currency, 816 F.2d 1538, 1543 (11th Cir. 1987); United States v. Weiss, 467 F.3d 1300, 1307-08 (11th Cir. 2006).  The constitutional standing requirements are forgiving, and any colorable claim on the property generally suffices.  DeSaro v. United States, 173 Fed. Appx. 760, 764 (11th Cir. 2006).  Ownership

of property, as well as a lesser property interest such as a possessory interest (or even a constructive possessory interest) is sufficient to establish standing.  <u>$38,000 in U.S. Currency</u>, 816 F.2d at 1544.  While the parties dispute petitioner's status as an owner or a nominee, the evidence is undisputed that petitioner is and has at all relevant times been in possession of the Zana Drive Properties.  Therefore, petitioner has established constitutional standing to assert a claim as to those properties in this proceeding.[4]

### B.

Having found petitioner has constitutional standing, two substantive issues remain: (1) What interest did the government obtain when it forfeited the Zana Drive Properties as to  Marion, Jr. in the criminal proceedings; and (2) Whether petitioner's interest was superior to that of Marion, Jr., and hence the government.

### (1)

Petitioner argues that the government did not really obtain any interest in the Zana Drive Properties by the Marion, Jr.

---

[4]While the government relies upon <u>United States v. A Single Family Residence</u>, 803 F.2d 625, 630 (11th Cir. 1986), this does not require a contrary finding.  That case involved a civil *in rem* proceeding, and the evidence in this case easily shows more than a legal title holder who did not exercise dominion and control over the property.

criminal forfeiture because Marion, Jr. affirmatively disavowed any interest in the properties.  This, plaintiff argues, precludes the government from having an interest superior to hers.

In <u>United States v. Gilbert</u>, 244 F.3d 888 (11th Cir. 2001), the Court succinctly described the nature of an ancillary forfeiture proceeding as being "essentially a quiet title proceeding."  <u>Id.</u> at 911.[5]  First, the criminal proceeding against the defendant establishes the extent of the defendant's interest in the forfeitable property.  Next, the forfeiture order effectively puts the government in defendant's shoes and the government succeeds to whatever interest, if any, that defendant had in the property.  The ancillary proceeding then enables certain third parties to file claims in order to establish their interest in the defendant's (now the government's) property.  If a third party is successful, the court releases those interests and amends its order of forfeiture accordingly.  <u>Gilbert</u>, 244 F.3d at 911.

It is clear that petitioner cannot use the ancillary hearing to collaterally attack the forfeitability of defendant's interest in the property.  Thus, defendant Marion, Jr.'s interest in the Zana Drive Properties, whatever it may have been, belongs to the government.  Petitioner may, however, hold the government to only

---

[5]While <u>Gilbert</u> involved a forfeiture under the RICO statute, it noted that forfeiture under 21 U.S.C. § 853 was "substantially identical" and the case law has been applied interchangeably. <u>Gilbert</u>, 244 F.3d at 907 n.47.

that interest which was forfeited from defendant.  Here, the government forfeited Marion, Jr.'s interest in the Zana Drive Properties, but even at the change of plea colloquy Marion, Jr. asserted he had no interest in those properties.  The criminal proceedings did not resolve what interest Marion, Jr. had in the Zana Drive Properties, but rather simply forfeited that interest, whatever it was.  As the sentencing transcript reflects, the government acknowledged defendant's position and was content to forfeit defendant's interest "if any" in the properties.  To paraphrase Gilbert, the dilemma presented is that the government does not know the extent of Marion, Jr.'s interest and therefore does not know the extent of its own interest in these properties, and thus at best has only an unspecified interest in the Zana Drive Properties.  Gilbert, 244 F.3d at 914.

In discussing what the government can do with such an unspecified interest, Gilbert noted that because an *in personam* forfeiture seeks to penalize defendant for his illegal activities, it reaches only defendant's interest in the subject property. Gilbert, 244 F.3d at 919-20.  Without knowing the extent of defendant's interest in the property, the government cannot forfeit the property.  As in Gilbert, where there was no showing the defendant owned the whole property, the government may not forfeit the whole property.  Indeed, in this case there was no showing that

-13-

Marion, Jr. owned any interest in the property.  Therefore, the government's interest cannot be superior to petitioner's.

The government seemed to argue that petitioner was bound by the facts it proffered against Marion, Jr. in its Notice of Elements, even though Marion, Jr. did not accept them.  These facts, the government argues, established that Marion, Jr. owned the properties and thus the government has an interest in the entire properties.  The Court disagrees.  Petitioner was not, and could not have been, a party to the criminal prosecution.  As a non-party to the proceedings, petitioner is not bound by the facts under any type of estoppel or res judicata theory.  Indeed, to imput the facts to petitioner when she was barred from being a party or contesting the facts would violate due process and result in an unconstitutional taking of property.  Additionally, other than determining that Marion, Jr.'s interest was forfeitable, the Court in the criminal proceedings never determined the scope of Marion, Jr.'s interest.

### (2)

Alternatively, assuming Marion, Jr.'s interest was specific enough to allow the government to proceed with forfeiture against a third party, the remaining issue is whether petitioner has established that her interest in the Zana Drive Properties was superior to Marion, Jr.'s, and thus superior to the government's

interest.  While federal law decides what interests are subject to forfeiture under § 853(n), state property law defines what those interests are in the first place.  Kennedy, 201 F.3d at 1334.  This issue requires the Court to resolve whether petitioner was the owner of the properties or merely a nominee of Marion, Jr.  It is well established that "[a] person cannot have a vested interest in property if he is found to be acting as a nominee for persons whose property is subject to the forfeiture."  Weiss, 467 F.3d at 1303 n.1 (citing Baxton v. United States, 858 F.2d 650, 652-53 (11th Cir. 1988)); Gilbert, 244 F.3d at 917.

The undisputed documentary evidence at the ancillary hearing, from both petitioner and the government, established that petitioner and her daughters Beverly Gray and Karen Gray[6] were the legal owners of the Zana Drive Properties at all relevant times. The City records reflect a lot cost of $3,000.000 each.  Petitioner and Beverly Gray purchased the Zana Drive Properties as vacant lots on September 24, 2003, taking a Warranty Deed as to each.  Under Florida law, "the person whose name appears on legal title is presumed to be the owner of the property in question," Hagopian v. Zimmer, 653 So. 2d 474, 475 (Fla. 3d DCA 1995), although the

---

[6]Karen Gray's name does not appear as an owner in all of the documents submitted, but this is not material to any issue before the Court.

presumption is rebuttable.  Russell v. Stickney, 62 So. 2d 569, 574 (Fla. 1911).

Houses were then built on both lots.  For 862 Zana Drive, construction began approximately June 1, 2004, and lasted through approximately September 9, 2004, when a certificate of occupancy was issued.  Impact and permitting fees from the City of Fort Myers totaled $7,247.79, and there is no evidence in the records that Marion, Jr. was involved in paying any of this amount.  The records reflect that petitioner's builder did not give an estimated cost of construction, but the City's formula estimated a cost of $70,100.00.  No evidence established the actual construction costs. On November 1, 2004, petitioner and Beverly Gray obtained a mortgage from NovaStar Mortgage, Inc. in the amount of $56,000.00, netting $50,758.56.  On April 25, 2007, petitioner, Beverly Gray (a/k/a Beverly Pierce) and Karen Gray (a/k/a Karen Spears) obtained a mortgage from SunTrust Bank on 862 Zana Drive to secure a $20,000 line of credit.  Petitioner currently resides at this location.

For 856 Zana Drive, construction began approximately November 1, 2004 and lasted through approximately March 25, 2005, when a certificate of occupancy was issued.  Impact and permitting fees from the City of Fort Myers totaled $7,291.27, and the records indicate that "Isaac Marion" paid a solid waste fee of $162.00 on March 25, 2005.  The records reflect that petitioner's builder estimated cost of construction at $65,000.00, but the City's

formula estimated a cost of $84,000.00.   No evidence established the actual construction costs.   Petitioner and Beverly Gray obtained a mortgage from NovaStar Mortgage, Inc. on July 25, 2005, on 856 Zana Drive in the amount of $120,000.00, netting $110,534.31.   Petitioner currently rents out 856 Zana Drive.

Petitioner also presented the testimony of Michael O'Rourke, a certified public accountant, as to her real estate practices from 2000 through June, 2007.  Mr. O'Rourke identified seven vacant lots which petitioner had purchased, including the Zana Drive Properties, and had then built houses and either sold, rented or (in the case of 862 Zana Drive) lived in.  Petitioner's Exhibit C. Mr. O'Rourke also testified to a Cash Flow Chart, Petitioner's Exhibit D, related to the various properties.   The Court places little reliance on his implicit opinion that drug proceeds were not used to buy the property or construct the two houses.  At best, Mr. O'Rourke was able to provide only the roughest of accountings as to petitioner's financial status.

The government asserts, however, that petitioner was simply the nominee of Marion, Jr., and thus she does not have an interest which is superior to the one obtained by the government through the forfeiture of Marion, Jr.'s interest in the criminal proceedings. The government candidly proffered that if called to testify Marion, Jr. would deny the existence of any factual basis to support such a position.  Marion, Jr. would testify that he did not purchase the

lots or pay for the construction of the houses, did not tell anyone he had done so, and did not use the houses in his drug activities.

To establish what the evidence thus far had failed to show, the government called six witnesses. Carmen Augello identified a photograph of Marion, Jr. (Government's Exh. 21) and stated that he had bought tile from his company, American Tile Dist., Inc. between 6 and 9 times a couple of years ago. Mr. Augello also identified three sales slips, Government's Exhibit 15, for tile in 2007 which he associated with petitioner or Marion, Jr.

DeMaurio Williams testified he was Marion, Jr.'s cousin and received cocaine from Marion, Jr. from 2000 through his (Williams') December, 2004 arrest. Mr. Williams identified a photograph of 862 Zana Drive as depicting a house in which he met Marion, Jr. on one occasion in December, 2004. At that time Marion, Jr. stated it was his house and that he had just built it, and Williams obtained a quantity of cocaine and marijuana from Marion, Jr. Petitioner was not present during this event.

Dino Rodriquez testified that he was a drug supplier for Isaac Marion and Stephenson Marion before Stephenson died. Mr. Rodriquez identified a photograph of 862 Zana Drive as depicting a house at which he met Marion and Marion, Jr. on one occasion in 2004 and sold them six kilograms of cocaine. No female was present for this transaction.

Leon Gray testified that he was Marion Jr.'s nephew, and the former step-son of petitioner.  Mr. Gray testified that on one occasion in 2006 he saw Marion Jr. doing construction work on a house on Eugenia Street that was being built.  He discussed with Marion Jr. what he should do with drug proceeds, and was told he could build and sell houses with the drug proceeds.

Brent Brewster is employed by the City of Fort Myers as a building plans examiner.  He testified concerning City records relating to the Zana Drive properties and other properties owned by petitioner, including the City's construction cost estimates.

Case agent Robert Leverenz identified photographs of the various properties owned by petitioner and discussed the construction time lines.  He further testified that while petitioner is currently the subject of an on-going investigation, there is no evidence that she was involved in any fashion in the Marion, Jr. drug activities.  He and other officers executed a search warrant at 862 Zana Drive on December 17, 2007, for certain documents.  Petitioner was present, and was living in the house.  Officer Leverenz said the main bedroom appeared to have only male clothes and property belonging to Marion, Jr., who currently is in prison.

The inquiry is whether, under Florida law, petitioner established by a preponderance of the evidence that legal right, title, or interest in the Zana Drive Properties vested in her,

-19-

rather than in Marion, Jr., at the time of the commission of the conspiracy for which Marion, Jr. was convicted.  The Court finds that petitioner Patricia A. Gray has established by at least a preponderance of the evidence that she has a legal right, title, and interest in the Zana Drive Properties as the legal owner of those properties, and that this right, title, and interest was vested in petitioner Gray rather than defendant Marion, Jr., and was superior to any right, title, or interest of defendant Marion, Jr. at the time of the commission of the acts which gave rise to the forfeiture of the property under 21 U.S.C. § 853(n).

First, and most obvious, petitioner is and was the legal title holder of the properties, and acted as such since the purchase of the two lots.  Marion, Jr. has never held title to the properties. Florida law thus presumes that petitioner is the lawful owner of the Zana Drive Properties.  This presumption has not been rebutted by the government.

The unrebutted legal title does not end the inquiry, however, because legal title by a mere nominee would not be superior to defendant's interest.  While the evidence was not sufficient to determine precisely how petitioner financed the purchase and construction, the government failed to produce evidence establishing a lack of legitimate potential sources of money for petitioner's use.  While the government believes Marion, Jr. was the financial source, he denied it.  The testimony of Carmen

-20-

Augello and Leon Gray relate to time periods after the end of the alleged conspiracy (Indictment, Doc. #3), and sheds little if any light on the rights to the properties at the time of the purchase of the lots or the construction of the houses. Additionally, there is nothing inconsistent with ownership by petitioner for a grandson to make an isolated permit payment or to work on the construction of a house for his grandmother. The anecdotal testimony of Leon Gray, Dino Rodriquez or case agent Leverenz is not sufficient to convince the Court that Marion, Jr. was the true owner of the Zana Drive Properties and exercised such dominion and control as to undermine petitioner's evidence that she was the owner of the properties.

Accordingly, it is now

**ORDERED:**

1.   Petitioner Patricia A. Gray's Specific Petition Asserting Claim of Interest in Criminal Forfeiture and Ancillary Proceedings Conducted Under 21 U.S.C. § 853(n) and FED. R. CRIM. P. 32.2(c) (Doc. #209) is **GRANTED.**

2.   Government's Motion to Dismiss Petition of Claimant Patricia A. Gray as Untimely (Doc. #240) is **DENIED.**

3.   The Government is directed to release the *lis pendens* on 856 Zana Drive, Fort Myers, Florida and 862 Zana Drive, Fort Myers, Florida.

-21-

4.   A Final Order of Forfeiture will be entered under separate cover amending the Preliminary Order of Forfeiture (Doc. #159).

**DONE AND ORDERED** at Fort Myers, Florida, this __16th__ day of January, 2008.


_____
JOHN E. STEELE
United States District Judge


Copies:
Counsel of record