UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                      2:06-cr-88-FtM-29SPC

ISAAC L. MARION, JR.
_____

IN RE: PETITION OF PATRICIA A. GRAY,
third-party claimant.
_____

**OPINION AND ORDER**

This matter comes before the Court on the Government's Motion to Amend Judgment (Doc. #261), filed on January 29, 2008. The government seeks reconsideration of the Court's January 16, 2008 Opinion and Order (Doc. #253) pursuant to FED. R. CIV. P. 59(e) "to correct erroneous findings of fact and law." No response has been filed, and the time to do so has expired. Finding no erroneous findings of fact or law, the Court will deny the Motion to Amend Judgment.

The government seeks reconsideration of the Court's denial of its Motion to Dismiss as untimely Petitioner Patricia A. Gray's Specific Petition Asserting Claim of Interest in Criminal Forfeiture and Ancillary Proceedings Conducted Under 21 U.S.C. § 853(n) and FED. R. CRIM. P. 32.2(c) (Doc. #209). The Court finds nothing in the government's motion (Doc. #261, pp. 3-7, 11-14)

which leads the Court to believe an error of fact or law has been committed. Therefore, this argument is rejected.

The government also argues, for the first time on reconsideration, that compliance with the 30-day period in 21 U.S.C. § 853(n)(2) is jurisdictional, and the failure to file a petition within thirty-days divested the Court of subject matter jurisdiction. The Court disagrees. The Court obtains subject matter jurisdiction over the forfeiture of property in a criminal case based upon the actions of the government. FED. R. CRIM. P. 32.2(a), (b)(1), (b)(2). The Court then has jurisdiction regardless of where the property is located. 21 U.S.C. § 853(a). After entry of a Preliminary Order of Forfeiture at the government's request, the United States is authorized "to commence proceedings that comply with any statutes governing third-party rights." FED. R. CRIM. P. 32.2(b)(3). Regardless of what any claimant does or fails to do, the Court has subject matter jurisdiction to adjudicate the forfeiture of the property. The government cites no binding authority that the failure to file a timely claim divests the court of jurisdiction, and the Court does not find the cases relied upon by the government persuasive. The thirty-day period to file a claim is more akin to a statute of limitations or a claim processing rule, which are not jurisdictional, than it is to a notice of appeal initially invoking the jurisdiction of an appellate court. Thus, the Court had subject matter jurisdiction in this case.

Contrary to the government's claim, the Court did not shift the burden of proof from petitioner. Additionally, the government has presented nothing which shows that Marion, Jr. owned any interest in the property, and therefore it remains correct to say the government's interest cannot be superior to petitioner's. Further, the Court remains satisfied that its alternative finding - assuming Marion, Jr.'s interest was specific enough to allow the government to proceed with forfeiture against a third party, petitioner established that her interest in the Zana Drive Properties was superior to Marion, Jr.'s, and thus superior to the government's interest (Doc. #253, pp. 14-21)- is supported by the facts the Court found credible and the law.

Accordingly, it is now

**ORDERED**:

The Government's Motion to Amend Judgment (Doc. #261) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of April, 2008.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record